the claim is made. *Gardner v. City of Cape Girardeau*, 880 S.W.2d 652, 655 [6, 7] (Mo. App.1994). Here, the record reveals that identical issues and causes of action were not addressed in the underlying motion for summary judgment. A review of the underlying motion reveals that it was phrased in very general terms, and concerned a petition which pled both a violation of the FCRA, common law defamation and libel. Nowhere in the motion is the FCRA violation specifically raised, and the motion does not suggest that the FCRA claim be dismissed. The only issue raised in the underlying motion was knowledge of appellants regarding the release of false information, and did not concern itself with whether that pertained to the FCRA claim. Point denied.

■ Furthermore, four elements must be satisfied in order for collateral estoppel to apply: 1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Gardner v. City of Cape Girardeau*, 880 S.W.2d 652, 655 [4] (Mo.App.1994). As previously stated, the underlying motion for summary judgment did not deal with the same issues as respondents' current motion for summary judgment. Point denied.

■ Next, we shall address appellants' fifth point. Appellants contend that the trial court's order granting summary judgment is not valid because it did not state that no genuine issue of material fact existed and that respondents were entitled to judgment as a matter of law. Furthermore, the order did not set forth any findings of fact.

Here, the trial court's order granting respondents' motion for summary judgment did not state its reasons for so doing; therefore, it is presumed to have based its decision on the grounds specified in respondents' motions. *See Brinson v. Whittico*, 793 S.W.2d 632, 633 [1] (Mo.App.1990). Furthermore, the record does not reveal any request by appellants for findings of fact or a brief opinion containing the grounds for the trial court's decision as required by Rule 73.01(a)(3). Point denied.

As a result, it is not necessary to address appellants' remaining points on appeal. Therefore, since the credit report does not fall within any definition of "consumer report" under the FCRA, the trial court did not err in granting respondents' motion for summary judgment.

Judgment affirmed.

CRANE, C.J., and AHRENS, J., concur.

**Kenneth G. CHARRON, Appellant,**

v.

**Lisa (Logsdon) CHARRON, Respondent.**

**No. WD 50968.**

Missouri Court of Appeals, Western District.

Submitted Dec. 19, 1995.

Decided March 5, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Kenneth G. Charron, Pro se.

Lisa (Logsdon) Charron, Pro se.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

### ORDER

PER CURIAM:

Kenneth Charron appeals from the trial court's judgment assessing costs against him

in the amount of $82.00 in his dissolution of marriage case.

Judgment is affirmed. Rule 84.16(b).

Tracy CATES, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 68555.

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

*ORDER*

PER CURIAM.

Movant appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

Levelle GAINES, Appellant,

v.

STATE of Missouri, Respondent.

No. 68385.

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

